IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02622-ZLW

FRANKIE LYNNETT MCCONNELL,

      Plaintiff,

v.

ANDREA CIRBO,
DEBRA REILLY, and
PATRICIA GABOW,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 3 2011

GREGORY C. LANGHAM
              CLERK

---

AMENDED ORDER OF DISMISSAL

---

Plaintiff, Frankie Lynnett McConnell, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who was incarcerated at the Denver Women's

Correctional Facility when she filed *pro se* an amended Prisoner Complaint pursuant to

42 U.S.C. § 1983 and 28 U.S.C. § 1343.  She since has informed the Court that she is

incarcerated at 1401 West 17th Street in Pueblo, Colorado, 81003, but fails to provide a

name for the facility, which appears to be a DOC Youth Offender System facility.  Ms.

McConnell was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915 without payment of an initial partial filing fee.

On February 1, 2011, Magistrate Judge Boyd N. Boland ordered Ms. McConnell

to file within thirty days a second amended complaint that was complete, alleged the

constitutional rights allegedly violated, sued the proper parties, complied with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, asserted each

Defendant's personal participation in the alleged constitutional violations, and complied with Local Rule 10.1E. and G. of the Local Rules of Practice for this Court – Civil.

On February 8, 2011, Ms. McConnell submitted a document titled "Request for Relief." On March 17, 2011, the Court dismissed the amended complaint and the action without prejudice pursuant to Fed. R. Civ. P. 41(b) based on Ms. McConnell's failure, within the time allowed, to file a second amended complaint that complied with the directives of the February 1, 2011, order and for her failure to prosecute. However, on March 17, the Court was unaware that Ms. McConnell had filed a second amended complaint on March 16, 2011. Even though the second amended complaint was filed after the thirty days allowed for in the February 1 order, the action will not be dismissed for that reason. The Court will vacate the Order of Dismissal and Judgment filed on March 17, and examine the second amended complaint to see if it complies with the directives of the February 1 order.

The Court must construe Ms. McConnell's filings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Pursuant to 42 U.S.C. § 1983, Ms. McConnell must allege that the defendants violated her rights under the

2

Constitution and laws of the United States while they acted under color of state law. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).  For the reasons stated below, the second amended complaint will be dismissed.

Ms. McConnell is suing three Defendants, providing only titles and addresses, but failing to identity the prison facility or other entity they with which they are affiliated. She is suing a Patricia Gabow, whom she identifies as an emergency room supervisor at 777 Bannock Street, Denver, CO 80204, which appears to be Denver Health Medical Center; and Andrea Cirbo, food service supervisor, and Debra Reilly, nurse practitioner, at 3600 Havana Street, Denver, CO 80239, to which she erroneously refers as 3600 Navana Street, Denver, CO 80239.  The address of 3600 Havana Street, Denver, CO 80239 is the address for the Denver Women's Correctional Facility.

Ms. McConnell asserts three claims, none of which alleges the constitutional right violated, although her third claim does make a reference to "deliberate indifference unnecessary and wanton infliction of pain."  Second amended complaint at 6.  She makes no allegations of personal participation against Ms. Gabow.  In her second claim, she makes the following vague and disjoined allegations about Ms. Cirbo:

> Cirbo came out and told me I'm give you direct order go into
> dishroom.  I said if I've fear, "she told me didn't care this was
> my last warning it wasn't up for discuss go to dishroom I
> went to dishroom became sick, shaking, sweating, sick of
> stomach I tryed to explain to Cirbo I had real bad fall in
> dishroom received concussion and back injuries which I'm
> still experience problems.

Second amended complaint at 5.  In her third claim, she makes the following vague and disjointed allegations about Ms. Reilly:

> I had sent several kite's to Debra Reilly, asked her to put my restrict's in the computer, she refuse to do so. The only thing was put into computer for me not use heavy machinery this order came from another person. Debra never acknowledge my repeated request still having problems with dizziness, back spams. As my conclude that staff response in this situation wasn't focused on my physical and mental wellbeing.

Second amended complaint at 6.

The February 1, 2011, order informed Ms. McConnell that the second amended complaint she filed must comply with the pleading requirements of Fed. R. Civ. P. 8. In the February 1 order, Magistrate Judge Boland explained that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). He also explained that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). He pointed out to Ms. McConnell that Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Magistrate Judge Boland emphasized that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1)

4

underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

As in the amended complaint, Ms. McConnell's allegations in the second amended complaint are disjointed and, as a result, she fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Magistrate Judge Boland warned Ms. McConnell that it is her responsibility to present her claims in a manageable and readable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. He further warned her that she must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Magistrate Judge Boland also warned Ms. McConnell that the second amended complaint must assert the personal participation by each named Defendant, *see Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and he elaborated further

as to how Ms. McConnell must establish personal participation, including that the second amended "complaint must explain what each defendant did to [her] . . . ; when the defendant did it; how the defendant's action harmed [her] . . . ; and, what specific legal right [she] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492  F.3d 1158, 1163 (10th Cir. 2007).

Ms. McConnell has failed to comply with Fed. R. Civ. P. 8 and with all the directives of the February 1, 2011, order.  A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. ***See Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the second amended complaint does not meet the requirements of Fed. R. Civ. P. 8 or comply with the directives of the February 1 order.

Accordingly, it is

ORDERED that the March 17, 2011, Order of Dismissal and Judgment are vacated.  It is

FURTHER ORDERED that the second amended complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Frankie Lynnett McConnell, within the time allowed, to file a second amended complaint that complies with Fed. R. Civ. P. 8 or with the directives of the February 1, 2011, order for a second amended complaint.

6

DATED at Denver, Colorado, this   23rd   day of _____ March _____, 2011.

BY THE COURT:


  s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court